Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street Suite 200
San Diego, CA 92037
Tel:   949.636.1391

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **Adlife Marketing & Communications Co., Inc.**, | Case No. 8:19-cv-01053-JLS-JDE |
| Plaintiff, | **ANSWER AND FIRST AMENDED COUNTERCLAIMS** |
| v. | **DEMAND FOR JURY TRIAL** |
| **Jetro Cash & Carry Enterprises, LLC, Jetro Holdings, LLC,** and **Restaurant Depot, LLC**, | Hon. Josephine L. Staton |
| Defendants. | |

Defendants respond as follows to the allegations of the Complaint.

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted that personal jurisdiction exists, but the remaining allegations are denied.

5. Denied.

## PARTIES

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

## STATEMENT OF FACTS

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

18. Admitted.

19. Admitted with the exception of "Depo" which is correctly spelled "Depot."

20. Denied.

21. Admitted.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

27. Denied.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

29. Admitted.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

32. The Agreement speaks for itself.

33. Denied.

34. But for the mistaken year 2017 rather than 2018, admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Denied.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## First Cause of Action

52. Defendants similarly incorporate the above paragraphs.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

55. Denied.

56. Denied.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## Second Cause of Action

65. Defendants similarly incorporate the above paragraphs.

66. Admitted.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to register one or more of the asserted copyrights, and thus are not permitted to assert infringement concerning those un-registered copyrights.

3. One or more of Plaintiff's asserted copyrights is invalid, including for non-originality, lack of authorship and/or lack of ownership.

4. Defendants' conduct was authorized, licensed and/or otherwise non-infringing.

5. Any infringing conduct by Defendants was permissible fair use.

6. Defendants' conduct was innocent and otherwise not willful.

7. Plaintiff's allegations are barred by the equitable doctrines of laches, equitable estoppel, waiver, acquiescence and/or unclean hands.

8. Plaintiff's request for monetary relief is barred or limited by a lack of causation of any damages by any actions of Defendants.

9. Paragraph 5(e) of the agreement at issue is an unconscionable and therefore unenforceable liquidated damages clause.

10. Plaintiff's request for monetary relief is barred or limited by a failure to mitigate.

11. Defendants reserve the right to assert additional affirmative defenses based on information learned or obtained during discovery

## COUNTERCLAIMS

For its First Amended Counterclaims, pursuant to Fed. R. Civ. P. 15(a)(2), Defendants/Counterclaimants allege as follows:

### Jurisdiction and Venue

1. Counterclaimants are affiliated companies with residence in College Point, New York.

2. Plaintiff/Counterdefendant Adlife Marketing & Communications Co., Inc. ("Adlife") asserts that it is incorporated and resides in Rhode Island.

3. Subject to Counterclaimants' denials and affirmative defenses hereinabove, this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1338, 1367 and 2201-02.  In addition, a judicial declaration is necessary so that Counterclaimants may confirm their rights in view of the alleged rights asserted in this action by Plaintiff.

4. Personal jurisdiction is proper, and venue may be proper, in this District because of Plaintiff's choice of forum.

## Factual Background

5. In its complaint, Adlife asserts, "In April of 2019, Adlife began to discover that Jetro had continued to use a number of Adlife's Copyrighted Food Photographs in its print and online circulars despite the term of the License Agreement with Adlife having expired."

6. During the discovery process referenced in the above paragraph, Adlife never notified any of the Defendants about any of the information discovered.

7. In its complaint, Adlife also asserts, "As of the date of this Complaint [May 30, 2019], Adlife has identified 64 of its Copyrighted Food Photographs appearing in Jetro circulars dated after the term of the License Agreement had expired for a total of 464 separate uses in both print and online media," and "Adlife has identified 18 Copyrighted Food Photos used in Jetro Cash & Carry branded store circulars and 49 Copyrighted Food Photos used in Restaurant Depo branded store circulars, with 3 of the Copyrighted Food Photos being used in both Jetro and Restaurant Depo circulars."

8. During the identification process referenced in the above paragraph, Adlife never notified any of the Defendants about any of the information identified.

9. In its complaint, Adlife also references an "infringement audit performed by Adlife," included as Exhibit E, which it claims shows "Jetro's infringing use of Adlife's Copyrighted Food Photographs."

10. During the audit process referenced in the above paragraph, Adlife never notified any of the Defendants about any alleged infringing use.

11. Before filing its complaint on May 30, 2019, Adlife never notified any of the Defendants about any of the allegations included in the complaint.

### Counterclaim 1:  Copyright Invalidity

12. Counterclaimants reallege and incorporate herein by reference all allegations of the preceding paragraphs.

13. One or more of Plaintiff's asserted copyrights is invalid, including for non-registration, non-originality, lack of authorship and/or lack of ownership.  For example, at least some of the many asserted copyrights were not properly registered and therefore cannot be asserted.  Further, at least some of the many asserted copyrights are non-original and/or generic images of indistinctive, commonplace items.  Further still, Plaintiff lacks valid title to at least some of the many asserted copyrights.

### Counterclaim 2:  Copyright Non-Infringement

14. Counterclaimants reallege and incorporate herein by reference all allegations of the preceding paragraphs.

15. Counterclaimants have not infringed any of the many asserted copyrights, including because their conduct was authorized, licensed, and/or qualifies as fair use.

### Counterclaim 3:  Breach of Contract

16. Counterclaimants reallege and incorporate herein by reference all allegations of the preceding paragraphs.

17. Under the parties' End-User Subscription Agreement ("Agreement"), Counterclaimants performed all, or substantially all, of the obligations the Agreement required.

18. Under the Agreement, Adlife had an implied obligation to refrain from acting in bad faith, arbitrarily, or irrationally.

19. Counterclaimants reasonably believed at all times (as would any reasonable business in its position) that the parties' obligations included the duty to

limit the extent of any harm or damages claimed from any asserted infringing and/or unauthorized uses following the expiration of the Agreement.

20. Counterclaimants also reasonably believed at all times (as would any reasonable business in its position) that Adlife would not use any discovery of asserted infringing and/or unauthorized uses following the expiration of the Agreement to harm or damage Counterclaimants, including by intentionally failing to inform Counterclaimants of such uses as promptly as possible so that any harm or damage to both parties could be remedied immediately and mitigated appropriately.

21. Adlife at all times had knowledge that any failure by Adlife to inform Counterclaimants of any asserted infringing and/or unauthorized uses following the expiration of the Agreement would cause harm to and would damage Counterclaimants.

22. Adlife's failure to promptly inform Counterclaimants of Adlife's discovery of asserted infringing and/or unauthorized uses following the expiration of the Agreement caused harm to and damaged Counterclaimants, and could not have been an exercise of good faith.

23. Adlife's actions exemplify bad faith, and had the effect of depriving Counterclaimants of the fruits of their bargain under the Agreement, including preventing Counterclaimants from remedying any infringing and/or unauthorized uses, and mitigating damages.

24. By contrast, Adlife acted pursuant to a wrongful scheme to maximize its asserted damages claims in this action, thereby defeating the purpose and benefits of the Agreement for Counterclaimants.

25. Adlife's conduct is wholly inconsistent with the justified expectations of Counterclaimants (including but not limited to the implied covenant of good faith and fair dealing), and was willful, intentional, and in deliberate disregard of the interests of Counterclaimants.

26. Adlife failed to perform his obligations under the Agreement, including but not limited to its obligation to promptly inform Counterclaimants of any infringing and/or unauthorized uses, and mitigate harm and/or damages.

27. Adlife's breaches of the Agreement were a substantial factor in causing harm to Counterclaimants.

28. As a result of Adlife's wrongful conduct, Counterclaimants are entitled to damages in an amount to be determined at trial.

**Counterclaim 4:  Breach of Implied Covenant of Good Faith and Fair Dealing**

29. Counterclaimants reallege and incorporate herein by reference all allegations of the preceding paragraphs.

30. The parties' Agreement imposed upon Adlife a duty of good faith and fair dealing in its performance and its enforcement.

31. Adlife breached its duty by failing to exercise its discretion in favor of informing Counterclaimants as immediately as possible of any infringing and/or unauthorized uses, in order to mitigate harm and/or damages.

32. Adlife's breaches of the Agreement were a substantial factor in causing harm to Counterclaimants.

33. As a result of Adlife's wrongful conduct, Counterclaimants are entitled to damages in an amount to be determined at trial.

**Counterclaim 5:  Fraud**

34. Counterclaimants reallege and incorporate herein by reference all allegations of the preceding paragraphs.

35. Adlife misrepresented to Counterclaimants, by omission and failure to disclose, important facts concerning Adlife's discovery of asserted infringing and/or unauthorized uses following the expiration of the Agreement.

36. Adlife's misrepresentations were false, and Adlife knew they were false, when Adlife failed to inform Counterclaimants of the material facts

concerning Adlife's discovery of asserted infringing and/or unauthorized uses following the expiration of the Agreement.

37. Adlife intended for Counterclaimants to rely upon its misrepresentations, and they did. As a result, Counterclaimants were harmed, in the form of their inability to remedy any infringing and/or unauthorized uses, substantial potential monetary loss, and damages.

38. Counterclaimants' justifiable reliance on Adlife's false misrepresentations, omissions, and failure to inform was a substantial factor in causing harm to Counterclaimants.

39. Adlife's acts and omissions complained of herein were malicious, fraudulent, and oppressive, entitling Counterclaimants to an award of punitive damages.

### Counterclaim 6:  Unfair Competition

40. Counterclaimants reallege and incorporate herein by reference all allegations of the preceding paragraphs.

41. As set forth above, Adlife engaged in the unfair withholding of material information concerning its discovery of asserted infringing and/or unauthorized uses following the expiration of the Agreement.

42. Adlife's actions constitute unlawful, unfair, malicious and/or fraudulent practices. As a result of Adlife's actions, Counterclaimants have been injured and lost money in an amount to be determined at trial.

43. By his actions, Adlife has irreparably harmed and injured Counterclaimants. Such irreparable injury will continue unless this Court preliminarily and permanently enjoin Adlife from further violation of Counterclaimants' rights, for which they have no adequate remedy at law.

## Prayer for Relief

Defendants and Counterclaimants pray for judgment as follows:

A.    A dismissal of the Complaint with prejudice and denying Plaintiff any relief, including any award of damages, costs or attorney fees;

B.    On the counterclaims, that Adlife's asserted copyrights be adjudged invalid and/or not infringed;

C.    On the counterclaims, that Adlife be adjudged to have committed breaches of contract, fraud, and unfair competition;

D.    On the counterclaims, that the Court award all appropriate damages to Counterclaimants according to proof at trial;

E.    On the counterclaims, that the Court award punitive damages to Counterclaimants according to proof at trial;

F.    On the counterclaims, preliminary and permanent injunctive relief;

G.    Costs and attorney fees, including in accordance with 17 U.S.C. § 505; and

H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: September 24, 2019    **SML Avvocati P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for
Defendants/Counterclaimants

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), Defendants and Counterclaimants hereby demand a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated:  September 24, 2019    **SML Avvocati P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for Defendants/Counterclaimant

## **PROOF OF SERVICE**

I hereby certify that on September 24, 2019, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated:  September 24, 2019                    /s/ Stephen M. Lobbin